MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JENNIFER A. TOLKOFF (CABN 287945)
Assistant United States Attorney
    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile:  (510) 637-3724
    email: Jennifer.Tolkoff@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 15-00216 JSW |
|---|---|
| Plaintiff, | ) **ORDER OF DETENTION** |
| v. | ) |
| ANGEL NAVARRO, | ) |
| Defendant. | ) |

    The parties appeared before the Honorable Kandis A. Westmore on May 1, 2015 for a detention hearing. Defendant was present and represented by Assistant Federal Public Defender John Paul Reichmuth. The United States was represented by Special Assistant U.S. Attorney Jennifer A. Tolkoff. The United States and Pretrial Services both requested detention, submitting that no condition or combination of conditions of release would reasonably assure the safety of the community. Upon consideration of the parties' proffers, the court file, and the Pretrial Services Report, the Court finds that the government has met its burden by clear and convincing evidence that the defendant presents a danger to the community absent detention. *See* 18 U.S.C. §§ 3142(e) and (f). The Court therefore orders the defendant detained.

[~~PROPOSED~~] DETENTION ORDER
CR 15-00215 JSW

1    The Bail Reform Act of 1984, Title 18, United States Code, Sections 3141-50, sets forth the factors which the Court considers in determining whether detention is warranted.  In coming to its decision, the Court has considered those factors paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of these facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

(1) Defendant is charged with a firearms crime in violation of Title 18, United States Code, Section 922(g)(1). Specifically, on February 17, 2015, defendant allegedly, while walking in a crosswalk through an intersection, turned and looked at a woman who was approaching the intersection in her vehicle, lifted up his sweatshirt and exposed a silver and black semi-automatic handgun in his waistband and then pulled the gun out and pointed the barrel towards the woman. He then squinted his eyes, put the handgun back in his waistband and repeated the action once more before walking away. The woman felt threatened and called to police. The alleged gun recovered by police at the time Defendant was detained was loaded with one live .40 caliber round in the chamber and 9 live .40 caliber rounds in the magazine. The victim identified Defendant as the person who had pointed the gun at her in an infield show-up. It appears that the Defendant brandished a firearm at a woman he did not know for unknown reasons.

(2) Defendant is 24 years old but has an extensive criminal history.  In 2009, Defendant was convicted of assault with a deadly weapon for an incident where he struck a man over the head multiple times with a metal toy truck. During that incident, Defendant allegedly took part in several random assaults with "AOB" gang members, targeting families returning from a local fireworks display. Members allegedly assaulted several victims for unknown reasons.  Two victims suffered facial lacerations and fractures and were transported to local hospitals for treatment. Several victims identified

1  Defendant and his involvement in the incident. In 2013, Defendant was again convicted of assault with a
2  deadly weapon for an incident where he threw rocks and fired a gun at an occupied vehicle. The current
3  incident is not the first time Defendant allegedly terrorized random strangers.

4  (3) Defendant is a known member of the Dime Block/AOB street gang and received a gang
5  enhancement relating to his 2013 assault with a deadly weapon conviction. In addition, Defendant has a
6  serious substance abuse problem dating back to when he was 12 years old. He regularly uses
7  methamphetamines, cough syrup, cocaine, ecstasy, marijuana, Xanax, and alcohol daily to intoxication.
8  He has also been to counseling for behavior problems when he was a child. His history of violence dates
9  back to 2007 when he was a juvenile with forcefully robbing a 16-year old, grand theft in 2008.

10  (4) Defendant committed the instant offense while on probation and parole. He has been on State
11  supervised probation since April 30, 2014 and is scheduled to be discharged on April 30, 2017. His
12  probation was previously revoked on November 25, 2014 for failing to report as directed and for
13  violating his gang association terms and conditions, for which he was allegedly found and stabbed in an
14  area of known gang activity. His probation was revoked a second time on February 18, 2015 following
15  his arrest for current charges and for submitting a positive drug test for marijuana and cocaine.

16  Defendant was discharged from parole on April 22, 2015. He violated his parole on several
17  occasions by driving under the influence in 2012, using methamphetamine in 2013, being arrested for
18  possession of a deadly weapon and discharge at a vehicle/dwelling in 2013, absconding parole in 2013,
19  and use of methamphetamine in 2014. His parole was revoked after his May 2013 arrest, and he
20  received a 150 day extension of his parole.

21  In light of the above, this court finds that the United States has met its burden of showing by
22  clear and convincing evidence that no conditions or combination of conditions can be imposed to ensure
23  the safety of the community.

24  THEREFORE, IT IS HEREBY ORDERED THAT, accordingly, pursuant to Title 18, United
25  States Code, Section 3142:

26  (1) the defendant is committed to the custody of the Attorney General for confinement in a
27  corrections facility;

28  (2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

[~~PROPOSED~~] DETENTION ORDER
CR 15-00215 JSW                                              3

1      (3) on Order of a court of the United States or on request of any attorney for the government, the
2  person in charge of the corrections facility in which the defendant is confined shall deliver the defendant
3  to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a
4  court proceeding.

5      IT IS SO ORDERED.

7  DATED: May 4, 2015

                              _____
                              HONORABLE KANDIS A. WESTMORE
                              United States Magistrate Judge